IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LINDA T., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:17-cv-105 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | By: Elizabeth K. Dillon |
| Commissioner of Social Security, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Linda T. brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying her claim for disability insurance benefits (DIB) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 16.)

Brown timely filed written objections (Dkt. No. 17), and the commissioner filed a response (Dkt. No. 18). After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with applicable law, the court agrees with the magistrate judge's recommendation. Accordingly, the court will grant defendant's motion for summary judgment, deny plaintiff's motion for summary judgment, and affirm the commissioner's decision.

1

I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report.  (Report 2–4, Dkt. No. 16.)

II.  DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited.  Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).  *See also Page v. Lee*, 337 F.3d

411, 416 n.3 (4th Cir. 2003). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

**B. Linda's Objections**

Linda raises one objection to the report, and it is primarily the type of "rehashed objection" that the *Heffner* and *Felton* courts concluded could be rejected. *See id.* That is, Linda made the same arguments in her summary judgment briefing before the magistrate judge. Moreover, the report directly addresses both contentions. Nonetheless, because portions of her objection challenge specific aspects of the report, the court will address those portions de novo.

In her objection, Linda contends that the ALJ failed to properly evaluate the reviewing and consulting source opinions offered by Dr. Carolina Bacani-Longa, Dr. Jeffrey Luckett, Dr. William Humphries, and Dr. Howard S. Leizer, all of whom offered opinions of Linda's residual functional capacity (RFC) that were more restrictive than those found by the ALJ. Although Linda acknowledges that the magistrate judge correctly noted that none of these sources found

3

Linda unable to work, she nonetheless contends that the ALJ failed to properly evaluate the limitations as opined by these sources. (Objs. 2–3, Dkt. No. 17.)

Linda makes the general statement that the ALJ improperly evaluated consulting source opinions and references the sources' names, but she offers no specifics except as to one consulting source and thus has preserved only that portion of her objection for de novo review. Specifically, Linda argues that the "clearest example" of the ALJ's failure to properly evaluate the opinions is that the ALJ gave Dr. Bacani-Longa's opinion "significant weight," but failed to address (or adopt in the RFC) Dr. Bacani-Longa's opinion that Linda was limited in her ability to push/pull with her left lower extremity. (Tr. 106.) While the report cited to other cases where courts have held that an ALJ is not required to adopt all limitations from a source given significant weight, Linda asserts that at least one of those cases is distinguishable. Specifically, Linda contends that the case of *Cox v. Colvin*, No. 4:15-cv-137, 2016 WL 4595927, at *7 (E.D.N.C. July 19, 2017), *adopted by* 2016 WL 4595989 (E.D.N.C. Sept. 2, 2016), does not control because the ALJ in *Cox* expressly addressed why the additional limitations from the opinion, otherwise offered significant weight, were not incorporated into the RFC, while the ALJ here did not. (Objs. 3.) In the absence of such an explanation from the ALJ, Linda argues, the court cannot determine that substantial evidence supports the ALJ's decision.

Based on this objection, Linda requests that the Commissioner's decision be reversed and an award entered in the case. Alternatively, she requests that the case be remanded for additional proceedings. (Objs. 3–4.)

As noted, Linda's overall objection is very general and rehashes arguments raised before the magistrate judge. (*Compare* Objs. 1–3 *with* Pl.'s Mem. Supp. Mot. Summ. J. 9–16, Dkt. No. 13.) But considering the detailed portions of the objection de novo, the court concludes that the

magistrate judge's reasoning is correct and that the ALJ's determination on this issue was supported by substantial evidence. It is true that, in a section of her report discussing exertional limitations, and specifically the category of push and/or pull, Dr. Bacani-Longa responded that Linda was "limited in lower extremities; left."[1] It is also accurate that this limitation was not included in the RFC. As the magistrate judge noted, however, an ALJ who accords significant weight to a medical opinion is not bound to adopt the entirety of that opinion. (Report at 9.)

With regard to Linda's reliance on *Cox*, she is correct that the ALJ there explained why he was not including a specific limitation from an opinion he was otherwise giving significant weight. Those were the facts of that case. But in holding that the ALJ did not err by declining to adopt the entirety of the source's opinion, the *Cox* court did not set forth any requirement that the ALJ explicitly explain why a particular limitation was not adopted. Instead, the *Cox* court cited to a number of cases, including one for the proposition that the ALJ "did not err in *implicitly* rejecting one limitation from" an opinion he gave great weight. *Cox*, 2016 WL 4595927, at *7 (emphasis added) (citing *Irvin v. Astrue,* No. EDCV 11-23 AJW, 2012 WL 870845 (C.D. Cal. Mar. 14, 2012)). Indeed, the *Irvin* court held that "the ALJ's failure to articulate specific reasons for rejecting that single limitation in an [examining medical source's] opinion is not legal error." Thus, *Cox* does not stand for the proposition that the ALJ must explain explicitly the rejection of a single limitation, especially where there are other medical opinions that provide substantial evidence to support the RFC.

Furthermore, in addition to citing *Cox*, the report here cited to *Armentrout v. Astrue*, No. 3:10-cv-504, 2011 WL 4625931, at *7 (E.D. Va. June 2, 2011). In that case, the court held that

---

[1] The magistrate judge also pointed out Dr. Bacani-Longa's statement elsewhere in her report that there were "no significant physical findings that would limit [Linda's] ability to work." (Report 9; R 106–08.) But that was in a section dealing specifically with **environmental** limitations. (R. 108.) The push/pull limitation was in the exertional section. Thus, contrary to the implication in the report, the quoted statement did not negate Dr. Bacani-Longa's opinion concerning the push/pull limitation.

the ALJ had not erred in refusing to adopt every limitation expressed in an opinion to which he assigned "significant" weight. There was no indication in *Armentrout* that the ALJ gave any reason for not adopting each limitation. Instead, the court simply noted that the ALJ had weighed all of the medical evidence in reaching the RFC determination, rather than adopting only one physician's opinion in its entirety. The same is true here.

For the foregoing reasons, the court adopts the recommendations of the report and overrules Linda's objections.

### III.  CONCLUSION

After a de novo review of the objected-to portions of the record, the court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Linda's objections and adopt the magistrate judge's recommendation. The court will therefore grant the commissioner's motion for summary judgment and deny Linda's motion for summary judgment.

An appropriate order will be entered.

Entered: September 17, 2018.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge